UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
ARI A. SCHOTTENSTEIN,                  :      Case No. 10-CV-7087 (AKH)
                                       :
        Plaintiff,                    :
                                       :
  -against-                           :
                                       :
BRIAN R. KAHN and KAHN CAPITAL         :
MANAGEMENT, LLC,                       :
                                       :
        Defendants.                   :
_____

**PLAINTIFF'S MOTION TO LIFT STAY OF THESE PROCEEDINGS FOR
LIMITED PURPOSE OF TRYING CLAIM FOR QUASI CONTRACT
AND UNJUST ENRICHMENT**

    Plaintiff, Ari A. Schottenstein's ("Schottenstein"), valid claim for unjust enrichment, properly plead here, was not resolved at the trial in Florida. By this motion, Schottenstein requests expedited resolution of this unresolved claim.

    Plaintiff, Ari A. Schottenstein ("Schottenstein"), by and through his undersigned counsel, respectfully requests entry of an order lifting the stay of these proceedings for the limited purpose of trying Plaintiff's claim against Kahn Capital Management, LLC ("KCM") for quasi-contract and unjust enrichment (the "Motion"). In support of the Motion, Schottenstein states as follows:

**Introduction:**

    On August 28, 2012, this Court entered an Order Staying Proceedings ("Stay Order") (Doc. # 125), which stayed this action pending the outcome of all appeals in the litigation pending in Florida Circuit Court (the "Florida Court") entitled *Vintage Capital Management,*

*LLC et al v. Schottenstein*, 2010-CS-017823-O (Fla.Cir. Ct. 9th Judicial Cir. 2010)(the "Florida Action"). Through this Motion, Schottenstein seeks to lift the stay for the limited purpose of trying his claim before this Court, against Defendants, for quasi-contract and unjust enrichment.

## Background

Schottenstein, a citizen and resident of New York, initially filed this action for breach of contract and equitable relief in the Supreme Court of the State of New York, New York County. One day later, Defendants filed the Florida Action seeking a declaratory judgment. Thereafter, the Defendants removed the New York state court action to this Court (the "New York Action").

The New York Action and Florida Action proceeded simultaneously, but the relief sought in the latter addressed through a declaratory judgment action only a subset of the issues in the New York action. The issues tried in the Florida Action were:

1. declaratory judgment as to whether a Memorandum of Understanding (the "MOU") between Schottenstein and KCM regarding a planned business venture was an unenforceable agreement to agree[1]; and

2. declaratory judgment as to Vintage Capital Management, LLC ("VCM") and KCM had liability to Schottenstein under quantum meruit if the MOU was an unenforceable agreement to agree.

Schottenstein seeks considerably more in the New York Action. Under the operative complaint in the New York Action (the "Complaint"), Schottenstein seeks:

1. damages for breach of contract;

2. specific performance in the form of a constructive trust and an injunction; and

3. restitution for out-of-pocket expenses, together with compensation for the services

---

[1] This was the primary claim in the Florida Action.

>furnished by Schottenstein, in an amount commensurate with the value of the benefit conferred by Schottenstein to Defendants and their affiliates or the value of the services rendered, whichever was greater.

*See* Second Amended Complaint (Doc. # 38).

Schottenstein did not assert counterclaims in the Florida Action. Schottenstein believed New York was the correct venue to resolve all the disputes and was the first filed action. Moreover, pursuant to Fla. R. Civ. P. 1.170(a)(1), a pleader need not state a claim (or counterclaim) if at the time the action was commenced the claim was the subject of another pending action.

Despite Schottenstein's well-grounded efforts to stay the litigation in the Florida Action in favor of more complete resolution of the issues between the parties in the New York Action, (and this Court's acknowledgement that Schottenstein, as a New York resident and citizen, had a basis to sue in New York), the Florida Action went to trial first in May 2012. The Florida Court entered final judgment (the "Florida Judgment") in favor of the Defendants as plaintiffs in the Florida Action, finding that the MOU was not an enforceable contract and that neither VCM nor KCM had liability to Schottenstein under quantum meruit for his services. *(See Findings of Fact and Conclusions of Law with Respect to Final Judgment in Favor of Plaintiffs* from the Florida Action).

The parties and this Court knew that, irrespective of the outcome in the Florida Action a further trial would be required in the New York Action. In fact the parties had been directed by this Court to complete discovery in the New York Action so it would be ready for trial.

During a status conference before this Court on August 17, 2012, the parties advised the Court that the Florida Judgment had just been issued and the parties were considering their

options, including an appeal of the Florida Judgment. This Court determined that these proceedings would be stayed pending the ultimate resolution of Schottenstein's appeal of the Florida Judgment. The Stay Order followed.

### **Relief Requested**

i.    **Good Cause exists to Lift the Stay**

In both its drafting and procedural posture, the Florida Action was intended by the Defendants to focus on narrow issues and not meant to address all of the various claims raised by Schottenstein in his Complaint. Although both the Florida and New York courts were made aware of the respective cases and the Florida Court was asked repeatedly to defer the matter to the first-filed New York Action, which contained a more complete set of claims between the parties, neither the Florida Court nor New York court would stay or abate the Florida Action. While, due to the earlier set trial date, the parties tried, in the Florida Action, a declaratory judgment action asking for an interpretation of a contract between the parties and a determination on whether quantum meruit was an available remedy. The trial did not address potential relief sought by Schottenstein, in particular a claim for quasi-contract/unjust enrichment. Schottenstein now requests that the Court lift the stay of these proceedings for the specific and limited purpose of Schottenstein pursuing to trial such a claim against the Defendants.

It is within this Court's discretion to lift the stay of these proceedings for the limited purpose sought herein. "The decision to grant or lift a stay is within the broad discretion of the court." *City of New York v. B.L. Jennings, Inc.,* 219 F.R.D. 255, 256 (E.D.N.Y. 2004), *citing Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636 (1997). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'" *Louis Vuitton*

4

*Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. March 29, 2012), *quoting Landis v. North American Co,*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *accord Clinton v. Jones*, 520 U.S. 681, 706–08. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254, 57 S.Ct. at 166.

### ii.     The Unjust Enrichment Claim Remains Unresolved

As explained herein, the Complaint filed in the New York Action, presently before this Court, contained three separate counts and a prayer for various types of relief. Counts I and II were for breach of contract and specific performance, respectively, while Count III was titled "quantum meruit – asserted in the alternative." Count III states:

> 105.   In the alternative to the allegations set forth in Counts I and II, Schottenstein further alleges that from late 2008 through June 2010, Defendants received and accepted the benefit of services provided by Schottenstein, which Schottenstein performed in good faith.
>
> 106.   In addition, from late 2008 through June 2010, Defendants received the benefit of expenditures made by Schottenstein on Defendants' behalf, or for their benefit, which were never reimbursed to Schottenstein.
>
> 107.   Schottenstein had a reasonable expectation of compensation for his services.
>
> 108.   Under principles of equity and good conscience, Defendants should not be permitted to retain the financial benefits of Schottenstein's unreimbursed out-of-pocket expenditures, and should be required to pay for Schottenstein's services, based either upon the value of the benefit conferred or the value of the services rendered, whichever may be greater.

Complaint at ¶¶ 105-108. Through this Motion, Schottenstein is seeking to try the portion of his claim in the New York Action <u>not</u> addressed or otherwise tried in the Florida Action, i.e., a claim for quasi contract/unjust enrichment:

> The theory of an action in quasi contract 'rests upon the equitable principle that a person shall not *be allowed to enrich himself unjustly at the expense of another.* It

> is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it.

*State of New York v. Barclays Bank of New York, N.A.*, 563 N.E. 2d 11, 15 (N.Y. 1990). "The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement." *Goldman v. Metropolitan Life Insur. Co.,* 841 N.E. 2d 742, 747 (N.Y. 2005). "'A 'quasi-contract' only applies in the absence of an express agreement, and is not really a contract at all, but rather **a legal obligation imposed in order to prevent a party's unjust enrichment.**'" *Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 587 (2d Cir. 2006), *quoting Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E. 2d 190 (N.Y. 1987)(emphasis added).

In the Florida Action, the court was asked (by Defendants here) for declaratory judgment on very specific issues, one of which was whether they had liability to Schottenstein under quantum meruit. Although it found that Schottenstein provided services that were accepted by Kahn and KCM, the Florida Court determined that there was no assent between the parties on the issue of compensation and, therefore, no liability for quantum meruit. The Florida Court was not requested to determine, nor did it determine, whether a contract implied-in-law or quasi-contract existed entitling Schottenstein to recover for unjust enrichment.

As explained by the appellate court in *Rite-Way Painting and Plastering, Inc., v. Tetor* in reversing the lower court's dismissal of a count for quantum meruit, a determination by the court on liability for quantum meruit does <u>not</u> equate to a finding regarding quasi-contract (i.e., contract implied-in-law) and unjust enrichment:

> While we agree that Rite-Way failed to state a cause of action in quantum meruit, we find that the allegations of count III state an action for a contract implied in law under a theory of unjust enrichment. **Even though Rite-Way's amended**

6

> **complaint requested relief upon a theory of quantum meruit, it also included a prayer for general relief, and therefore the exact form of the prayer for relief is not controlling.**

*Rite-Way Painting and Plastering, Inc., v. Tetor*, 582 So.2d 15, 17 (Fla. 2d DCA 1991)(emphasis added). More specifically **"[w]hile contracts implied in fact, such as an action in quantum meruit, require the assent of the parties, contracts implied in law do not require such assent."** *Id.* (emphasis added), *citing In re Estate of Mund*ell, 459 So.2d 358 (Fla. 5th DCA 1984)(Cowart, J., dissenting), *rev. denied*, 467 So.2d 999 (Fla. 1985); *Policastro v. Myers*, 420 So.2d 324 (Fla. 4th DCA 1982). Simply put, the Florida Court's determination that Kahn and KCM have no liability to Schottenstein under quantum meruit does not translate into a holding regarding his entitlement to pursue a claim for unjust enrichment on a theory of quasi-contract.

### iii.     The Unjust Enrichment Claim was Plead in the New York Action

Schottenstein now turns to this Court to address his claim to quasi-contract/unjust enrichment, a claim incorporated in his prayer for relief in the Complaint. This claim was not addressed in the Florida Judgment. While Count III of the Complaint is not denoted as both quantum meruit and quasi-contract/unjust enrichment by name, that does not preclude Schottenstein from seeking that relief from this Court or this Court from affording it. *Rite-Way Painting and Plastering, Inc., v. Tetor*, 582 So.2d 15, 17 (Fla. 2d DCA 1991); see also *Klein ex rel. SICOR, Inc. v. Salvi*, 2004 WL 596109 (S.D.N.Y. 2004)(Hellerstein, J.), *citing Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 49 F.Supp. 2d 298, 303 (S.D.N.Y. 1999). Count III and the relief sought therein plainly encompass a claim for quasi-contract/unjust enrichment:

> Under principles of equity and good conscience, Defendants should not be permitted to retain the financial benefits of Schottenstein's unreimbursed out-of-pocket expenditures, and should be required to pray for Schottenstein's services, based either upon the value of the benefit conferred or the value of the services rendered, whichever may be greater.

Complaint at ¶108.  Further, in his Prayer for Relief at the conclusion of the Complaint, Schottenstein requested:

> (c)  On Count III, judgment for restitution for the out-of-pocket expenses Schottenstein incurred for the benefit of Defendants and their affiliates, together with compensation for the services furnished by Schottenstein, in an amount commensurate with the value of the benefit conferred by Schottenstein to Defendants and their affiliates, or the value of the services rendered, whichever may be greater.
>
> "(d) Such other and further relief as the Court deems just, necessary and proper, including Plaintiffs costs and attorney's fees incurred in the prosecution of this action and all related actions."

Complaint at 28.  These prayers for relief clearly incorporate a claim for quasi-contract/unjust enrichment.

Moreover, omitting a specific reference to recovery under a quasi-contract/unjust enrichment theory from his prayer for relief has <u>no</u> preclusive effect on this Court's authority to grant that relief to Schottenstein.  "In awarding damages, the **Court is not limited to the relief requested in the complaint, but rather may award any relief that it deems just and proper**." *Amerisource Corp. v. RX USA Int'l. Inc.*, 2010 WL 2160017 (E.D.N.Y. 2010)(emphasis added), referencing New York civil procedure and Fed.R.Civ.P. 54(c)("Every other final judgment should grant the relief to which each party is entitled, *even if the party has not demanded that relief in its pleadings.*") Fed.R.Civ.P. 54(c)(emphasis added).  *See also Powell v. Nat'l Board of Medical Examiners*, 364 F.3d 79, 86 (2d Cir. 2004)(Under Fed.R.Civ.P. 54(c), "a court can grant any relief to which a prevailing party is entitled, whether or not that relief was expressly sought in the complaint.")

Furthermore, Fed.R.Civ.P. 54(c) allows relief to be granted based on theories of recovery different from those theories set forth in the pleadings . . . Recovery, based on a theory of quantum meruit or on a theory of unjust enrichment, or on the principle of contribution may be

8

allowed in an action instituted for breach of contract." *Evans Products Co. v. West American Insur. Co.*, 736 F.2d 920, 923 (3rd Cir. 1984). Thus, unequivocally, this Court has the power to hear and determine Schottenstein's claim for quasi-contract/unjust enrichment.

New York case law recognizes three required elements to a claim for unjust enrichment – a form of contract implied in law. The plaintiff must establish that (1) the defendant benefitted, (2) the benefit was at the plaintiff's expense, and (3) equity and good conscience require restitution. *Beth Israel Medical Center*, 448 F.3d at 586. While finding that Schottenstein provided services from which the Defendant here benefited, the Florida Court in its resolution of whether VCM and KCM were liable to Schottenstein under quantum meruit, only found against Schottenstein on the issue of assent of the parties, finding none existed. Assent is not a requirement for unjust enrichment. The Florida Court never delved into whether a contract implied-in-law or quasi-contract existed between the parties entitling Schottenstein to recover for unjust enrichment. That claim remains open and within the purview of this Court to resolve.

The "theory of unjust enrichment differs from quantum meruit in that "'[a] claim for quantum meruit requires plaintiff to show that it expected compensation; a claim for unjust enrichment does not.'" *Klein ex rel. SICOR, Inc. v. Salvi*, 2004 WL 596109 (S.D.N.Y. 2004)(Hellerstein, J.), *citing Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 49 F.Supp. 2d 298, 303 (S.D.N.Y. 1999). Hence, while Schottenstein did not specifically denote Count III as seeking a claim for quasi-contract/unjust enrichment, by including counts for breach of contract and quantum meruit, and a prayer for relief that incorporated a prayer for relief for compensation for the value of the benefit conferred by Schottenstein on the Defendants, and the Florida Court having made no determination on the issue of quasi contract/unjust enrichment, the Complaint affords this Court the authority to grant relief based on those theories.

9

**WHEREFORE**, Schottenstein respectfully requests that this Court enter an order: (i) granting this Motion; (ii) lifting the stay of these proceedings for the limited purpose of trying Plaintiff's claim against the Defendants for quasi-contract and unjust enrichment; and (iii) granting such other and further relief as the Court deems just and proper.

September 13, 2012

                                              BERGER SINGERMAN LLP

                                              s/ James D. Gassenheimer
                                              James D. Gassenheimer, Esq.
                                              Berger Singerman LLP
                                              1450 Brickell Avenue
                                              Suite 1900
                                              Miami, Florida  33131
                                              Tel:     (305) 755-9500
                                              Fax:    (305) 714-4340

                                              *Counsel for Plaintiff/Counter Defendant*
                                              *Ari A. Schottenstein*

4528296-7